IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE RENEE WHITE,

        Plaintiff,

v.

KYLE ANDREW SCOTT, ET AL.,

        Defendants.

Case No. 26-CV-2395-AWM-JBW

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging violations of her First, Fourth, and Fourteenth Amendment rights. This matter is currently before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. 4) and Supplement to Motion for Appointment of Counsel (Dkt. 6).

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[2] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment) and the Court must make thoughtful and prudent use of its appointment power.

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See id.* ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel "in such circumstances as the court may deem just."[3] For actions with claims arising under 42 U.S.C. § 1983, however, there is no similar provision for appointment of counsel.[4] Instead, courts considering requests for the appointment of counsel in section 1983 civil actions generally look to the in forma pauperis statute, 28 U.S.C. § 1915.[5] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[6] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[7] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The Court has considered Plaintiff's motion for appointment of counsel and supplement to the motion under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time. While Plaintiff has made a diligent effort to secure an attorney of her own, a review of Plaintiff's filings to date shows she appears capable of adequately

---

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Cosgrove v. Kansas Dep't of Soc. & Rehab. Servs.*, No. 07-2125-SAC-GLR, 2010 WL 11627414 (D. Kan. Mar. 30, 2010)

[5] *Id.*

[6] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[7] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

representing herself at this early stage of the proceedings. Despite Plaintiff's statement the case is complex, the factual and legal issues do not appear overly complex. This Court routinely handles civil rights matters arising under the same federal and state laws which Plaintiff brings her claims. Though Plaintiff believes this matter is beyond the capacity of a layperson to navigate effectively as she is facing well-resourced defendants who may be represented by experienced counsel, Plaintiff has not demonstrated any reason why she would be unable to investigate the facts and present her claims to the Court herself in this case, particularly given the liberal standards governing *pro se* litigants. "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [Plaintiff] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[8]

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[9] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 4) and Supplement to the Motion for Appointment of Counsel (Dkt. 6) are denied without

---

[8] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

[9] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated July 30, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge